## CITY COURT OF NEW YORK.

### In the matter of IRVING, JR., &c.

*Discharge of imprisoned debtor — Jail limits — Code of Civil Procedure, sections.*
*2201, 183, 184.*

An application for the discharge of an imprisoned debtor may be made in the court out of which the execution is issued.

The power of the old sheriff over prisoners ceases after ten days, and the new one has no power unless they are assigned to him.

An outgoing sheriff who neglects to deliver over a prisoner to his successor is liable to the plaintiff in the execution as for an escape.

Where, on an application to discharge a debtor who was on the jail limits, it appeared from the papers that more than ten days had expired since.

the new sheriff assumed his office, and yet it did not appear that the imprisoned debtor had been assigned to him, but on the contrary, it appeared that he was in the custody of the late sheriff:

*Held,* that as the late sheriff's duties, powers and functions (except those specified by law) had ceased, it cannot be said that the defendant is imprisoned, especially as he is on the jail limits, and not actually confined:

*Held,* further, that the court could not proceed in the matter, as to act on this petition in the absence of proof that the prisoner has been duly assigned to the new sheriff might seriously impair the rights of the execution creditor as against the late sheriff or his bondsmen.

*At Chambers, March,* 1886.

HALL, J.—I do not see how the court can proceed in this matter. It appears from the papers that the debtor is in the custody of Alexander V. Davidson, who up to the 1st of January last was sheriff of the city and county of New York; and a certificate is attached to the petition showing the imprisonment of the debtor, and signed by Alexander V. Davidson, sheriff, by Daniel E. Finn, deputy sheriff, dated February 17, 1886.

Section 184 of the Code of Civil Procedure requires the former sheriff, within ten days after the service of a certificate upon him by the new sheriff, to deliver all prisoners and all papers relating to their custody or imprisonment to the incoming sheriff.

It does not appear whether or not a certificate was served by the new sheriff upon the former one; but as the powers of the former sheriff do not cease until after the service of such certificate (*sec.* 183, *Code*), and as the new sheriff is now performing the duties of his office, I think it may be safe to assume that the certificate has been served, and the powers of the former sheriff have ceased, except as provided by law.

More than ten days have expired since the new sheriff assumed his office, and yet it does not appear that the imprisoned debtor has been assigned to him, but on the contrary it appears that he is in the custody of the late sheriff, and the late sheriff's duties, powers and functions (except those specified by law) having ceased, it cannot be said that this defendant is impris-

oned, especially as he is on the jail limits, and not actually confined.

"The power of the old sheriff over prisoners ceases after ten days, and the new one has no power unless they are assigned to him" (*Huids* agt. *Doubleday,* 21 *Wend.,* 223).

"An outgoing sheriff who neglects to deliver over a prisoner to his successor is liable to the plaintiff in the execution as for an escape" (*French* agt. *Willett,* 10 *Abb.,* 99).

Therefore, to act upon this petition in the absence of proof that the prisoner has been duly assigned to the new sheriff might seriously impair the rights of the execution creditor as against the late sheriff or his bondsmen.

The objection to the jurisdiction of the court to entertain this proceeding in any event is not well taken; the Code (*sec.* 2201) expressly provides that it may be taken in the court out of which the execution is issued.

The proceeding must be dismissed, but without prejudice to renew upon proof that the debtor has been assigned to the new sheriff; no costs.